**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 2 1999**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

RICHARD MEREDYTH,

      Defendant-Appellant.

No. 98-2220
(D.C. No. CR-97-640-BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **BRORBY**, and **KELLY**, Circuit Judges.

Defendant-Appellant Richard Meredyth appeals from his conviction of

distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B),

(b)(1)(C) and 18 U.S.C. § 2. Our jurisdiction arises under 28 U.S.C. § 1291, and

we affirm.

Because the parties are familiar with the underlying facts, we will not

restate them unless necessary for the issue on review. Mr. Meredyth contends

that the district court erred in (1) prohibiting questioning of witnesses regarding a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

$10,000 cash payment made to a government informant; (2) denying his motion for a mistrial based on prosecutorial misconduct; and (3) denying his motion for a continuance pending this court's en banc decision in United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999).

## A.

Mr. Meredyth first contends that the district court erred in not allowing him to bring up a $10,000 payment to a government informant during the cross-examinations of Drug Task Force Agent Glen Alexander and the informant's wife. We review the court's decision for an abuse of discretion. See United States v. Keys, 899 F.2d 983, 987 (10th Cir. 1990).

Mr. Meredyth presented an entrapment defense at trial, testifying that he was induced to sell cocaine to the informant by the informant's wife. Agent Alexander testified that both the informant and his wife had signed written agreements with the government, and had received payments in 1997 of $11,995 for their assistance in numerous cases, in addition to a $3,000 payment for relocation. On the second day of trial, the government informed the court that the informant had received, the night before, a $10,000 reward from the Drug Enforcement Administration ("DEA"). The government asked the court to prohibit mention of the reward to the jury, representing that the informant's wife

was not aware of the reward. Although the court ruled that the amount of the reward was not relevant, Mr. Meredyth's counsel was permitted to ask Agent Alexander whether, when testifying the day before, he had been aware of an impending reward payment to the informant. Agent Alexander acknowledged that he was aware that the DEA was attempting to reward the informant, but stated that he was not certain whether or not the payment would actually be made. He further testified that the DEA did not tell the informant that he might be considered for a reward until after the events at issue in the trial took place, and that the actual reward was a surprise to the informant. Later, when the informant's wife was called as a rebuttal witness, the court limited Mr. Meredyth's cross examination questions regarding payments to those made to the informant during 1996 and 1997 by instructing counsel to "not get into the $10,000 payment." VII R. at 270.

Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in refusing to admit this evidence. Mr. Meredyth made no showing that either the informant or the informant's wife knew of the possibility of a $10,000 reward during the time that the informant's wife allegedly entrapped Mr. Meredyth. Mr. Meredyth chose not to voir dire the informant's wife as to her knowledge of the reward. Thus, he failed to demonstrate the relevance of this evidence. In addition, the jury was made aware of the amounts

of substantial payments made to the informant, as well as the fact that an undisclosed amount was paid to the informant during the time of the trial. This distinguishes this case from the cases Mr. Meredyth cites in support of his position, United States v. DeSoto, 950 F.2d 626 (10th Cir. 1991), and United States v. Harvey, 547 F.2d 720 (2d Cir. 1976). In each of those cases, the trial court "cut off completely a probative inquiry that bears on a feasible defense." Harvey, 547 F.2d at 723. Here, the court allowed sufficient evidence for the jury to infer improper motive on the part of the informant's wife.


B.

Mr. Meredyth next asserts that the district court erred in denying his motion for mistrial based on prosecutorial misconduct. During the government's cross-examination of Mr. Meredyth, the prosecutor handed Mr. Meredyth a police report describing the seizure of cocaine from a vehicle driven by Mr. Meredyth's brother, Joseph Meredyth. Defense counsel objected on the basis that the report was not authored by Mr. Meredyth, and thus could not be used to refresh recollection, and on the basis of hearsay. The court responded that the report was not offered to refresh recollection, and delayed a ruling otherwise to see if a proper foundation for the document could be laid. The following colloquy ensued between the prosecutor and Mr. Meredyth:

- 4 -

Q: Now, back in '94, your brother, Joseph, did have a 1989 Pontiac Grand Am with New Mexico license 351 BBF, didn't he?
A: No, he didn't.
Q: He did not? And were you aware that he was stopped driving that vehicle with 16 grams of crack?

VII R. at 154. Defense counsel immediately objected and asked for the comment to be stricken from the record. The court sustained the objection and warned the prosecutor not to do it again. Defense counsel then moved for a mistrial. The court denied the motion, but instructed the jury "to ignore that last line of questioning. That was improper by the prosecutor." Id. at 156.

We review the court's denial of Mr. Meredyth's motion for a mistrial for an abuse of discretion. See United States v. Joe, 8 F.3d 1488, 1498 (10th Cir. 1993). A new trial is not warranted when it is reasonably certain that the prosecutor's improper question "had but very slight effect on the verdict of the jury." United States v. Sands, 899 F.2d 912, 916 (10th Cir. 1990) (internal quotation marks and citation omitted). In making this determination, "we consider the strength of the evidence against the defendant," United States v. Oles, 994 F.2d 1519, 1524 (10th Cir. 1993), and note that "a cautionary instruction is ordinarily sufficient to cure any alleged prejudice to the defendant." United States v. Peveto, 881 F.2d 844, 859 (10th Cir. 1989). Here, the jury saw videotapes of two separate occasions when Mr. Meredyth sold cocaine base to the informant. Further, the prosecutor's improper question was isolated and received no response. Finally, the court

immediately admonished the prosecutor and gave a curative instruction.  In light of these considerations, we find no abuse of discretion by the district court in denying Mr. Meredyth's motion for a mistrial.

C.

Finally, Mr. Meredyth argues that the district court erred in denying his motion for a continuance pending our en banc decision in United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999).  However, our disposition in Singleton renders this issue moot.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge